1

2

3

4

5

6

7

8

9

10

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

11 | GUILLERMO VERA,                                 ) Case No.: 1:14-cv-00567-JLT
                                                   )
12 |             Petitioner,                        ) FINDINGS AND RECOMMENDATIONS TO
                                                   ) DISMISS PETITION FOR WRIT OF HABEAS
13 |     v.                                         ) CORPUS AS SECOND AND SUCCESSIVE
                                                   )
14 | MARTIN BITER, Warden,                          )
                                                   ) ORDER DIRECTING THAT OBJECTIONS BE
15 |             Respondent.                        ) FILED WITHIN 21 DAYS
                                                   )
16 |                                                ) ORDER DIRECTING CLERK OF THE COURT TO
                                                   ) ASSIGN DISTRICT JUDGE TO CASE
17 |

18        Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas

19 corpus pursuant to 28 U.S.C. § 2254.

20                              **PROCEDURAL HISTORY**

21        The instant petition was filed on April 21, 2014, challenging Petitioner's 1997 murder

22 conviction in the Tulare County Superior Court and resulting prison sentence of 42 years to life. (Doc.

23 1, p. 1; p. 20).  In the course of conducting a preliminary screening of the petition, it has come to the

24 Court's attention that Petitioner has previously filed a federal habeas petition in this Court challenging

25 this same conviction.

26        A review of the Court's own docket reflects that Petitioner previously filed a federal habeas

27 petition on October 1, 2004 in case no. 1:04-cv-06349-OWW-TAG ("04-6349"), challenging the same

28 1997 murder conviction in the Tulare County Superior Court and subsequent prison sentence.  Case

1   no. 04-6349 was dismissed as untimely on September 27, 2005.  (Case no. 04-6349, Docs. 25 & 26).

2   Petitioner subsequently appealed to the United States Court of Appeals, Ninth Circuit, which denied a

3   certificate of appealability on January 23, 2006.  (Id., Doc. 31).

4                                             **DISCUSSION**

5          A federal court must dismiss a second or successive petition that raises the same grounds as a

6   prior petition.  28 U.S.C. § 2244(b)(1).  The Court must also dismiss a second or successive petition

7   raising a *new ground* unless the petitioner can show that 1) the claim rests on a new, retroactive,

8   constitutional right or 2) the factual basis of the claim was not previously discoverable through due

9   diligence, and these new facts establish by clear and convincing evidence that but for the constitutional

10  error, no reasonable fact-finder would have found the applicant guilty of the underlying offense. 28

11  U.S.C. § 2244(b)(2)(A)-(B).

12         However, it is not the district court that decides whether a second or successive petition meets

13  these requirements that allow a petitioner to file a second or successive petition, but rather the Ninth

14  Circuit.  Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this

15  section is filed in the district court, the applicant shall move in the appropriate court of appeals for an

16  order authorizing the district court to consider the application."   In other words, Petitioner must obtain

17  leave from the Ninth Circuit before he can file a second or successive petition in district court.  See

18  Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any second or successive

19  petition unless the Court of Appeals has given Petitioner leave to file the petition because a district

20  court lacks subject-matter jurisdiction over a second or successive petition.  Pratt v. United States, 129

21  F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*,

22  117 S.Ct. 794 (1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

23         Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism

24  and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition.  Lindh v.

25  Murphy, 521 U.S. 320, 327 (1997).  Petitioner makes no showing that he has obtained prior leave from

26  the Ninth Circuit to file this successive petition attacking his conviction.  That being so, this Court has

27  no jurisdiction to consider Petitioner's renewed application for relief from that 1997 conviction under

28  § 2254 and must dismiss the petition.  See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991.  *If*

*Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must first file for leave to do so with the Ninth Circuit*.  See 28 U.S.C. § 2244 (b)(3).

## ORDER

For the foregoing reasons, the Clerk of the Court is DIRECTED to assign a United States District judge to this case.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED as a second and successive petition.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 21 days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within 10 court days after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **April 24, 2014**               **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE