UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO VERA, | Case No.: 1:14-cv-00567-LJO-JLT |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION (Doc. 11) |
| v. | |
| MARTIN BITER, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## PROCEDURAL HISTORY

The instant petition was filed on April 21, 2014. (Doc. 1). On April 24, 2014, the Magistrate Judge entered Findings and Recommendations to dismiss the petition as successive. (Doc. 5). On May 30, 2014, the District Judge adopted those Findings and Recommendations, entered judgment against Petitioner, and ordered the file closed. (Docs. 9 & 10). On June 22, 2015, Petitioner filed the instant motion for reconsideration, contending that the Court erred in construing the petition as a successive petition since Petitioner is not challenging the 1997 conviction he challenged in the previous petition, but is challenging instead the enhancement related to that conviction. (Doc. 11).

1

**DISCUSSION**

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, Petitioner failed to the requirements for granting a motion for reconsideration: He has not shown "mistake, inadvertence, surprise, or excusable neglect;" he has certainly not shown the existence of either newly discovered evidence or fraud; he has not established that the judgment is either void or satisfied; and, finally, Petitioner has not presented any other reasons justifying relief from judgment. Moreover, pursuant to the Court's Local Rules, Petitioner has not shown "new or different facts or circumstances claimed to exist *which did not exist or were not shown upon such prior motion*, or what other grounds exist for the motion." Local Rule 230(j). (Emphasis supplied).

Indeed, in his objections to the Magistrate Judge's Findings and Recommendations, Petitioner argued, as he does here, that the instant petition was not intended to challenge his 1997 conviction but rather the enhancement to the prison term in that case. (Doc. 8) In the order adopting the Findings and Recommendations, the Court expressly considered that point and rejected it. (Doc. 9). Moreover, as the Magistrate Judge noted in her Findings and Recommendations, it is the Ninth Circuit, not this

Court, that must determine whether the instant petition meets the standards for a successive petition set out in 28 U.S.C. section 2244(b)(2)(A)-(B). In other words, whether, for purposes of determining if a petition is successive, a challenge to an enhancement can be distinguished from a challenge to the conviction under section 2244(b)(2), is a question for the Ninth Circuit, not this Court.

In sum, Petitioner has provided no evidence or circumstances that would satisfy the requirements of Rule 60(b), and therefore his motion for reconsideration must be denied.

**ORDER**

Accordingly, it is HEREBY ORDERED that Petitioner's motion for reconsideration (Doc. 11), is DENIED.

IT IS SO ORDERED.

Dated:   **June 24, 2015**              /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE