1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11  GUILLERMO VERA,                          )  Case No.: 1:14-cv-00567-LJO-JLT
                                             )
12                Petitioner,                )  ORDER DENYING PETITIONER'S SECOND
                                             )  MOTION FOR RECONSIDERATION (Doc. 14)
13        v.                                 )
                                             )
14  MARTIN BITER, Warden,                    )
                                             )
15                Respondent.                )
                                             )
16

17        On May 30, 2014, the Court dismissed this habeas petition as successive, entered judgment

18  against Petitioner and ordered the file closed.  (Docs. 9 & 10).  On June 22, 2015, Petitioner filed his

19  first motion for reconsideration, contending that the Court erred in construing the petition as a

20  successive petition since Petitioner is not challenging the 1997 conviction he challenged in the

21  previous petition, but was instead challenging the enhancement related to that conviction.  (Doc. 11).

22  The Court denied that motion for reconsideration on June 24, 2015.  (Doc. 12).  On July 11, 2016,

23  over two years after judgment was entered, Petitioner has filed his second motion for reconsideration,

24  contending that a combination of mental and health problems, restricted access to legal and research

25  materials, and a purported conspiracy by Respondent to prevent him from accessing the federal courts

26  should entitle Petitioner to further collateral review.  (Doc. 14). The Court disagrees.

27        Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district

28  court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds

1

1    of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3)

2    fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6)

3    any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A

4    motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year

5    after the judgment, order, or proceeding was entered or taken." Id.

6        Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show

7    the "new or different facts or circumstances claimed to exist which did not exist or were not shown

8    upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are

9    committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441

10   (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party

11   must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior

12   decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal.

13   1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

14       Petitioner has failed to meet the requirements for granting a motion for reconsideration: He has

15   not shown "mistake, inadvertence, surprise, or excusable neglect." He has not shown the existence of

16   either newly discovered evidence or fraud. He has not established that the judgment is either void or

17   satisfied and, finally, Petitioner has not presented any other reasons justifying relief from judgment.

18   Moreover, pursuant to the Court's Local Rules, Petitioner has not shown "new or different facts or

19   circumstances claimed to exist *which did not exist or were not shown upon such prior motion*, or what

20   other grounds exist for the motion." Local Rule 230(j). (Emphasis supplied).

21       Rather, it appears that Petitioner fails to appreciate the legal posture of this case: (1) that the

22   petition was dismissed for the sole reason that ***this Court lacks jurisdiction*** and ***Petitioner must first***

23   ***obtain permission to proceed from the Ninth Circuit***, and (2) that the case has been closed for over

24   two years, yet Petitioner has ***never*** appealed the Court's order dismissing this case nor sought

25   permission from the Ninth Circuit to proceed in this Court. Given these circumstances, further filings

26   in cannot yield the results Petitioner seeks.

27       In sum, Petitioner has provided no evidence or circumstances that would satisfy the

28   requirements of Rule 60(b), and therefore his second motion for reconsideration must be denied.

2

## ORDER

Accordingly, the Court **ORDERS** Petitioner's second motion for reconsideration (Doc. 14), is

**DENIED**.


IT IS SO ORDERED.

Dated:   __July 25, 2016__                              ___/s/ Jennifer L. Thurston__
                                                  UNITED STATES MAGISTRATE JUDGE